# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 7, 2018

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HAZEL PALM, | \* | UNPUBLISHED |
| | \* | |
| | \* | No. 17-1051V |
| | \* | |
| Petitioner, | \* | Special Master Gowen |
| v. | \* | |
| | \* | Joint Stipulation; Influenza (Flu); |
| SECRETARY OF HEALTH | \* | Guillain-Barre Syndrome ("GBS"); |
| AND HUMAN SERVICES, | \* | Polymyositis; Significant |
| | \* | Aggravation. |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>William E. Cochran, Jr.</u>, Black McLaren, et al., PC, Memphis, TN, for petitioner.
<u>Glenn A. MacLeod</u>, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON STIPULATION[1]

On August 3, 2017, Hazel Palm ("Petitioner") filed a petition in the National Vaccine Injury Compensation Program ("Program").[2]  Petition, ECF No. 1.  Petitioner alleged that as a result of receiving the influenza ("flu") vaccination on October 23, 2014, she suffered Guillain-Barré Syndrome ("GBS") or, in the alternative, developed polymyositis that was caused-in-fact or significantly aggravated by the vaccination.  *Id.* at 1.

On September 7, 2018, the parties filed a joint stipulation in which they stated that a decision should be entered awarding compensation to petitioner.  Stipulation for Award, ECF No. 22.  Respondent denied that the flu vaccine caused petitioner to suffer GBS, and/or caused or significantly aggravated polymyositis or any other injury.  *Id.* at ¶ 6.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to petitioner according to the terms of the joint stipulation attached hereto as Appendix A.

**The joint stipulation awards:**

a. **A lump sum of $790.78, which amount represents reimbursement of a lien for services provided to petitioner, in the form of a check payable jointly to petitioner and**

> **Commonwealth of Pennsylvania**
> **Bureau of Program Integrity**
> **Division of Third Party Liability**
> **Recovery Section**
> **Post Office Box 8486**
> **Harrisburg, PA 17105-8486**

> **Petitioner agrees to endorse this payment to the Commonwealth of Pennsylvania; and**

b. **A lump sum of $15,000.00, which amount represents compensation for all remaining elements of damages available to petitioner under 42 U.S.C. § 300aa-15(a), in the form of a check payable to petitioner.**

**I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein.**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

> **s/Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| **HAZEL PALM,** | \* |
|  | \* |
| Petitioner, | \* |
|  | \* |
| *v.* | \*    No. 17-1051V (ECF) |
|  | \*    SPECIAL MASTER |
|  | \*    THOMAS L. GOWEN |
| **SECRETARY OF HEALTH** | \* |
| **AND HUMAN SERVICES,** | \* |
|  | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STIPULATION

The parties hereby stipulate to the following matters:

1. Hazel Palm, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu immunization on or about October 23, 2014.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS"), or, in the alternative, developed polymyositis that was caused or significantly aggravated by the flu vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer GBS, and/or caused or significantly aggravated polymyositis or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $790.78, which amount represents reimbursement of a lien for services provided to petitioner, in the form of a check payable jointly to petitioner and

>Commonwealth of Pennsylvania
>Bureau of Program Integrity
>Division of Third Party Liability
>Recovery Section
>Post Office Box 8486
>Harrisburg, PA 17105-8486

Petitioner agrees to endorse this payment to the Commonwealth of Pennsylvania; and

b. A lump sum of $15,000.00, which amount represents compensation for all remaining elements of damages available to petitioner under 42 U.S.C. § 300aa-15(a), in the form of a check payable to petitioner.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 23,

3

2014, as alleged by petitioner in a petition for vaccine compensation filed on or about August 3, 2017, in the United States Court of Federal Claims as petition No. 17-1051V.

14.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccination caused or significantly aggravated petitioner's alleged injuries, or any other injury or any of her current disabilities.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

4

Respectfully submitted,

PETITIONER:

HAZEL PALM

ATTORNEY OF RECORD FOR
PETITIONER:

WILLIAM E. COCHRAN, JR. ESQ.
Black, McLaren, et al., PC
530 Oak Court Drive
Suite 360
Memphis, TN 38117
Tel: (901) 762-0535

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*Ward Sorensen for*

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4122

Dated: 9/7/18