# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 25, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| HAZEL PALM, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1051V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>William E. Cochran, Jr.</u>, Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for Petitioner.
<u>Glenn A. MacLeod</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 21, 2018, Hazel Palm ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 28). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $30,801.75.

I. **Procedural History**

On August 3, 2017, Hazel Palm filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving the influenza ("flu") vaccination on October 23, 2014, she suffered Guillain-Barré Syndrome ("GBS") or, in the

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

alternative, developed polymyositis that was caused-in-fact or significantly aggravated by the vaccination. Petition at 1. On September 7, 2018, the parties filed a stipulation which I adopted as my Decision awarding damages on the same day. Decision, ECF No. 23.

On November 21, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorneys at Black McLaren Jones Ryland & Griffee ("BMJRG") in the total amount of $31,008.69, representing $27,158.90 in attorneys' fees and $3,849.79 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner indicates that she has personally costs in the amount of $430.62. Fees App. Ex. 3 at 1.

Respondent reacted to the fees motion on December 5, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 29). Petitioner did not file a reply. The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards sua sponte, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

I have reviewed the requested rates for various BMJRG attorneys and paralegals who worked on this matter and find them to be mostly reasonable and consistent with what BMJRG attorneys and staff have previously been awarded. The one exception is the rate requested for work performed by Mr. Chris Webb in 2018. Petitioner requests that Mr. Webb be compensated for work performed in 2018 at $340.00 per hour. Fees App. Ex. 2 at 17. Special masters who have considered Mr. Webb's 2018 rate have consistently awarded him $326.00 per hour, and I shall do so here as well. *See Weir v. Sec'y of Health & Human Servs.*, No. 15-1491V, 2018 WL 5095156, at *3 (Fed. Cl. Spec. Mstr. Sept. 11, 2018); *Reichert v. Sec'y of Health & Human Servs.*, No. 16-697V, 2018 WL 3989429, at *3 (Fed. Cl. Spec. Mstr. June 20, 2018); *Booth v. Sec'y of Health & Human Servs.*, No. 17-246V, 2018 WL 2772540 (Fed. Cl. Spec. Mstr. March 7, 2018). Applying the correct rate results in a reduction of **$4.20**.

I also find the hours expended in this matter (109.20) to be mostly reasonable based upon my experience and my review of the documentation submitted, although a small reduction to paralegal hours billed is required due to duplicative billing and for administrative tasks billed.

It is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). Furthermore, counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Examples of administrative tasks billed include handling invoices for costs incurred (examples on 6/23/16, 6/29/16, 7/20/16, 3/18/17, 4/24/17) and for preparing/scanning records and other documents (examples on 7/28/17, 9/26/17, 1/23/18. *See generally* Fees App. Ex. 2. Additionally, filings by Respondent and the Court (even routine filings such as scheduling orders) were frequently reviewed by both an attorney and a paralegal/law clerk, resulting in excessive and duplicative billing (examples on 3/7/18, 3/20/18, 4/9/18, 5/1/18, 5/10/18, 9/20-21/18). These issues are relatively minor however, and only necessitates a 5% reduction to overall paralegal time billed. The billing records indicate that the total amount billed by paralegals and law clerks is $8,637.80. Fees App. Ex. 2 at 17. Thus, the total amount reduced from the award of attorneys' fees is **$431.89**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $3,849.79. This amount consists of acquiring medical records, photo copies, mailing costs, and the Court's filing fee. Fees App. Ex. 1 at 4.

I have reviewed the requested costs and find them to be reasonable. While the majority of the costs have been substantiated by adequate documentation, Petitioner has failed to provide evidence for three costs ($151.52 for medical records from Oxford Circle Family Medicine and $27.68 and $22.27 in mailing costs). Accordingly, I will reduce the amount of costs awarded by **$201.47**.

### c. Petitioner's Costs

Petitioner requests $430.62 as reimbursement for costs personally incurred in pursuit of her claim. Fees App. Ex. 3 at 1. This amount is for two sets of medical records. Petitioner has provided adequate documentation for these costs and shall be reimbursed in full.

III. **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $27,158.90 |
| (Total Reduction from Billing Hours) | - ($436.09) |
| **Total Attorneys' Fees Awarded** | **$26,722.81** |
| | |
| Attorneys' Costs Requested | $3,849.79 |
| (Reduction of Costs) | - ($201.47) |
| **Total Attorneys' Costs Awarded** | **$3,648.32** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$30,371.13** |
| | |
| **Total Amount of Petitioner's Costs** | **$430.62** |
| | |
| **Total Amount Awarded** | **$30,801.75** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $30,371.13, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. William Cochran, Jr.[3]; and**

2) **A lump sum in the amount of $430.62, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> **s/Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).